UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HEZEKIAH MC KNIGHT,

                      Plaintiff,

                                                      DECISION AND ORDER

                                                      11-CV-6121L

               v.

UNITED STATES,

                      Defendant.

_____

## BACKGROUND

    Plaintiff Hezekiah McKnight ("plaintiff") commenced this action against defendant Craig Howard, Director at the Canandaigua, New York Veterans Administration Medical Center in Canandaigua City Court, Small Claims Part, on February 18, 2011. Plaintiff alleges that defendant is responsible for $959.00 in damages relating to "monies stolen and valuables destroyed and/or taken" from plaintiff when he was a patient at the facility run by the defendant. Defendant removed the case to this Court on March 10, 2011.

    On March 16, 2011, the United States moved to substitute itself as defendant and to dismiss plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) for want of subject matter jurisdiction.[1] Plaintiff never filed a response and subsequent correspondence granting plaintiff's request for additional time to respond was returned as "undeliverable."[2] (Dkt.# 8). On February 23, 2012, the

---

[1] By order of this Court on March 22, 2011, the United States was substituted as defendant and the claims against defendant Howard were dismissed with prejudice. (Dkt.# 5).

[2] It also appears that plaintiff has failed to comply with his responsibility to keep the Court
(continued...)

Government filed a Reply Declaration and Memorandum of Law.  Familiarity with the underlying facts and evidence is presumed.

**DISCUSSION**

I.  **Standard of Review on a 12(b)(1) Motion to Dismiss**

It is well-settled that "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  There is also no dispute that "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

II.  **Plaintiff's Claim**

To bring a claim under the Federal Tort Claims Act ("FTCA"), a plaintiff first must file an administrative claim with the appropriate federal agency.  28 U.S.C. § 2675(a); Adams v. U.S. Dept. of Hous. and Urban Dev., 807 F.2d 318, 320 (2d Cir. 1986).  Failure to file an administrative claim is a jurisdictional defect that cannot be waived.  28 U.S.C. § 2675(a); Keene Corp. v. United States, 700 F.2d 836, 840-841 (2d Cir. 1983).  If a plaintiff files an administrative claim, suit cannot be commenced until either the claim has been denied or six months have elapsed from the time of presentment of the claim.  28 U.S.C. § 2675(a).  If an administrative claim is filed after a lawsuit is commenced, the suit must be dismissed so that the administrative claim can be adjudicated. Id.

Here, the plaintiff's claim must be dismissed because he commenced this action before he filed his administrative tort claim.  Plaintiff commenced his small claims action on February 18,

---

[2](...continued)
apprised of his current mailing address.  Under the local rules of this district, parties appearing *pro se* are required to furnish the Court with a current mailing address at all times.  See Rule 5.2(d) of the Local Rules of Civil Procedure for the Western District of New York.

2011. Plaintiff then filed his administrative claim with the Veterans Administration on March 8, 2011. (Dkt.# 3, at ¶ 6). Although the plaintiff's administrative claim was ultimately denied on June 22, 2011, (Dkt.# 9, at ¶ 4), this does not revive his claims because administrative remedies must be exhausted prior to bringing suit. McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that subsequent denial of an administrative claim cannot cure a prematurely filed action under the FTCA).

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (Dkt.# 2) is granted, and the complaint is dismissed, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 30, 2012.